14113

RAYFIELD v. BANK OF CHESTERFIELD *ET AL.*

(180 S. E., 885)

176

178

180

*Messrs. Samuel Want* and *Melvin Hyman,* for appellant,

*Messrs. Leppard & Leppard,* for respondent,

July 22, 1935.

## ORDER ON PETITION FOR REHEARING

On considering the petition of the appellant asking for a rehearing in this cause, it is ordered that a rehearing be refused, but for the purpose of correcting an error regarding the question of counsel fees, it is ordered that the opinion hereinbefore filed in the case be and is hereby withdrawn and the opinion attached hereto substituted in lieu thereof. It is

further ordered that the remittitur in the case be held for the usual ten days after the filing of this opinion.

JOHN G. STABLER, C. J.,
JESSE F. CARTER, A. J.,
M. L. BONHAM, A. J.,
T. S. SEASE, A. A. J.,
A. L. GASTON, A. A. J.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

As a statement of this case, the Court adopts, in the main, the agreed statement of counsel, as set forth in the transcript of record.

The action, commenced in the Court of Common Pleas for Chesterfield County, March 3, 1933, by B. T. Rayfield, plaintiff in the Court below, appellant before this Court, against the defendants Bank of Chesterfield, John A. Welsh, individually and as president of the said bank, D. L. Smith, individually and as cashier and agent for the said bank, Albert S. Fant, as State Bank Examiner, and American Trust Company, of whom Bank of Chesterfield is respondent, is an action instituted as a suit in equity, for the purpose of procuring an injunction to prevent the sale of certain cotton which had been pledged by the plaintiff as collateral security for the payment of certain notes given by him.

In addition to the injunctive relief, the prayer of the complaint is that the indebtedness of the appellant to the respondent (the amount of which is in dispute), be adjudicated; that the appellant be permitted to pay the debt as so adjudicated; and that upon such payment being made, the cotton in question delivered free of any lien or claim on the part of the respondent.

Upon the complaint, a temporary restraining order was granted. The respondent answered, denied the material allegations of the complaint, and alleged an indebtedness upon the three notes last mentioned in the second paragraph of the complaint, the said notes being due and payable on the 20th

day of February, 1933, the 6th day of March, 1933, and the 13th day of March, 1933, and aggregating the sum of $2,-125.00 (and which notes had been pledged with American Trust Company), and the further and additional sum of $2,158.64 for cash advances alleged to have been made by the respondent to the appellant under the contract between them dated September 1, 1931, making a total indebtedness claimed by the respondent against the appellant of the sum of $4,283.64, and that the appellant was entitled to an offset on account of his deposits in the Bank of Chesterfield in the sum of $1,088.85, leaving a balance due by appellant to respondent of $3,194.79.

Upon terms provided in an interlocutory order subsequently granted by the Judge of the fourth judicial circuit, the cotton in question was released unto the appellant and the warehouse cotton receipts were surrendered to the appellant. The three notes heretofore mentioned, aggregating the sum of $2,125.00, were paid by the appellant. This transaction, made in accordance with the terms of the said interlocutory decree, reduced the amount in dispute to the sum of $1,069-.79, which was claimed by the Bank of Chesterfield as cash advances under the contract of September 1, 1931. The appellant claims that the said sum of $1,069.79 represents the balance due on an alleged loan of $1,000.00, which he contends the Bank of Chesterfield made to Miss Myrtle Rayfield. The order of Judge Dennis provides that such sum as should be found to be due by the appellant to the bank of Chesterfield should be secured by the bond given by the appellant pursuant to the said interlocutory order.

The case was referred to the master for Chesterfield County to hear and determine all issues of law and fact; and the said master thereafter filed his report, finding for the respondent, Bank of Chesterfield, both as to the facts and the law. The Judge of the fourth judicial circuit, by his decree dated the 31st day of July, 1934, overruled all the appellant's objections to the said report of the said master

and confirmed his report both as to his findings of fact and conclusions of law except as modified therein and directed judgment in favor of the respondent, Bank of Chesterfield, and against the appellant, B. T. Rayfield, for the sum of $1,069.79, with interest and 15 per cent. of the amount due as attorneys' fees, together with the costs of the action. From the judgment entered upon the said decree, the appellant appealed to the Supreme Court.

This Court is satisfied with the conclusion reached by the Circuit Judge and approves the same, except as to the question of counsel fees. It is our opinion that the record in the case does not warrant the award of counsel fees allowed the respondent by the lower Court. It is, therefore, the judgment of this Court that the judgment of the lower Court be and the same is hereby affirmed, except as to the award of counsel fees to the respondent, and to this extent it is the judgment of this Court that the judgment of the lower Court be modified.

NOTE: Let the decree of the Circuit Judge be incorporated in the report of the case.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES SEASE and GASTON concur.